IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
04 JAN -2 PH 2:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

JANET STEELE,  }
　　Plaintiff,  }
v.  }  CIVIL ACTION NO.
TYSON FOODS, INC.,  }  03-AR-2900-M
　　Defendant.  }

ENTERED
JAN 0 2 2004

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Tyson Foods, Inc. ("Tyson"), to dismiss the complaint of plaintiff, Janet Steele ("Steele"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Steele, a white non-Hispanic female and former employee of Tyson, brought two claims. First, she invoked 42 U.S.C. § 1981, claiming that she was terminated in retaliation for her opposing discrimination by Tyson against its Hispanic employees. Second, she invoked the Fair Labor Standards Act ("FLSA") as a statutory prohibition against the same alleged act of retaliation. Both parties have briefed the motion, and the parties appeared before the court on December 19, 2003 and presented oral argument.

**Analysis**

The § 1981 claim must be dismissed because the Eleventh Circuit does not recognize a retaliation claim under § 1981 when an employee alleges retaliation by the employer after the employee has

1

complained about discrimination against employees who are in a protected group that is separate and discrete from the protected group to which the plaintiff belongs. *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960-61 (11th Cir. 1997); see also *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1412 (11th Cir. 1998); *Olmsted v. Emmanuel*, 783 So.2d 1122, 1127-28 (Fla. Dist. Ct. App. 2001). In *Little*, the plaintiff, a white male, brought a § 1981 retaliation claim against his employer, claiming that he was discriminated against because of his opposition to a racially derogatory comment made by a white co-worker about black employees. *Little*, 103 F.3d at 958. The *Little* court said "there is no evidence in the record--and [plaintiff] does not suggest or allege--that the discrimination or retaliation allegedly levelled against him was due to his race; that is, [plaintiff] does not contend that [his employer] discriminated against him because he was white." *Id.* at 961. The court concluded that the plaintiff "failed to establish a prima facie case with respect to his § 1981 claim." *Id.*

Steele cites three Eleventh Circuit cases which she says support her § 1981 retaliation claim: *Webster v. Fulton County, Ga.*, 283 F.3d 1254 (11th Cir. 2002); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999 (11th Cir. 1997); and *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405 (11th Cir. 1998). *Webster* says simply that § 1981 "supports a retaliation cause of

action," but does not address whether a plaintiff can bring a retaliation claim when the retaliation complained of was not attributable directly or indirectly to plaintiff's own protected class. See *Webster*, 283 F.3d at 1256. In other words, *Webster* provides no direction.

In *Jackson*, the plaintiffs sued their former employer under 42 U.S.C. §§ 2000a-2 and 1981, alleging that "they were required as part of their employment by Motel 6 [the employer] to participate in discrimination against non-white customers, [and] that they were retaliated against when they refused to do so...." *Jackson*, 130 F.3d at 1007. The *Jackson* court said that the plaintiffs lacked standing to bring a retaliation claim under § 2000a-2 because that statute only authorizes injunctive relief. *Id*. The plaintiffs there were former employees who did not and could not allege future potential harm. *Id*. The court then said that the "plaintiffs' claim for retaliation may, however, proceed under § 1981(b), *which provides for money damages*." *Id*. (emphasis supplied). The *Jackson* court did not consider the issue now before this court any more than the *Webster* court did. See *id*. The court neither mentioned nor attempted to distinguish the holding in *Little*. See *id*. Its discussion was limited to the standing of the plaintiffs based on the remedies provided under §§ 2000a-2 and 1981. See *id*.

In *Andrews*, the plaintiff brought a § 1981 claim alleging retaliation as a reaction to the EEOC complaint that she had filed

3

in which she alleged discrimination against her *on account of her race*. *Andrews*, 140 F.3d at 1412. The holding in *Andrews*, therefore, is inapplicable because the plaintiff herself was in the protected class. *Andrews* is entirely consistent with *Little*. In fact, the reasoning in *Andrews* supports Tyson's argument. The *Andrews* court noted that "the type of retaliation claims that may be proved still depends on when the retaliation occurred and the specific nature of the retaliation claim." *Id*. *Andrews* acknowledges that the holding in *Little* was that § 1981 does not support a retaliation claim "when a white plaintiff claim[s] he was fired for complaining about a co-worker's derogatory remark against blacks." *Id*. The *Andrews* court's express acknowledgment of the *Little* holding proves that *Little* retained its vitality post-*Jackson*.[1]

The cases Steele cites do not overcome the clear holding in *Little*, which binds this court. Therefore, the § 1981 retaliation claim will be dismissed.

---

[1] The *Andrews* court acknowledges an apparent conflict between *Little* and *Jackson* in footnote 14 of its opinion, but does not attempt to resolve it. The footnote says:
> In this case, we need not address the differences in *Jackson* and *Little* because Plaintiff's claim of retaliation for her filing an EEOC racial discrimination charge is significantly different from the claims in those cases and is a type of retaliation claim now clearly cognizable under the amended section 1981.

*Andrews*, 140 F.3d at 1412-13 fn. 14.

4

Steele also presents her retaliation claim under the FLSA. The FLSA was adopted in order to prohibit "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers...." 29 U.S.C. § 202(a). The FLSA guarantees a minimum wage[2] and overtime compensation[3] for those employees covered by the FLSA. See 29 U.S.C. §§ 206, 207. Steele has alleged that she reported to Tyson (1) that illegal Hispanic immigrants were being hired by Tyson, (2) that Tyson management was encouraging the Hispanic workers to fraudulently fill out their federal tax withholding forms, (3) that Hispanics were not permitted to bid on certain jobs, and (4) that the Hispanic workers were not properly

---

[2] The FLSA minimum wage provision provides:
Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section...not less than $5.15 an hour beginning September 1, 1997....
29 U.S.C. § 206(a)(1).

[3] The overtime compensation provision provides:
Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
29 U.S.C. § 207(a)(1).

5

promoted. Tyson argues without contradiction that none of these activities are prohibited by the FLSA. Steele has made no attempt to answer this argument.[4] Her FLSA retaliation claim will also be dismissed.

### Conclusion

By separate order, the motion of Tyson to dismiss Steele's complaint will be granted.

DONE this ___2nd___ day of January, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[4] In fact, at oral argument on the motion, plaintiff's counsel virtually admitted that the FLSA claim is due to be dismissed.

6